IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

JAMES EDWIN PRATT, #04616-017  *

   Plaintiff,  *

    v.  *  3:07-CV-866-WKW
                                     (WO)

FRANK LUCAS, CLERK of  *
TALLAPOOSA COUNTY COURT
                                         *

   Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the United States Penitentiary #2 in Coleman, Florida, filed this 42 U.S.C. § 1983 action on September 28, 2007. Plaintiff alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged due to the conduct and actions of Defendant Frank Lucas, Circuit Court Clerk for the Tallapoosa County Circuit Court, in impeding his ability to access the courts in order to pursue an appeal of a criminal conviction. Plaintiff requests that his appeal be reinstated and that Defendant pay all court costs including "lawyer bills." (*Doc. No. 1*.)

Under th Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  While the former 28 U.S.C. § 1915(d) permitted the court to dismissed claims *sua sponte* if the court found them frivolous or malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service of process.[1]

## I. DISCUSSION

On November 10, 1999 Defendant received Plaintiff's correspondence dated November 4, 1999 in which he indicated a desire to receive "documents and transcripts in to [sic] do appeal or file a post-conviction." (*Doc. No. 1 at 5*.) Plaintiff further indicated a desire to have an attorney appointed to represent him "because his last attorney did not properly repersent [sic] my case at trial or sentencing and deprived me of my appeal!" (*Id*.) Plaintiff stated that he needed forms to file an appeal or a motion and advised Defendant that any help he could offer would be appreciated by Plaintiff. (*Id*.) Plaintiff files the instant action complaining that Defendant failed to provide him with the forms necessary to file an appeal as per his written request. (*Id. at 2-3*.)

It is clear from the face of the complaint that Plaintiff's challenge to the conduct attributed to Defendant is barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

---

[1] The screening procedures which have been established for prisoner civil actions by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding *in forma pauperis*. *Martin v. Scott*, 156 F.3d 578-579-80 (5th Cir. 1998). In this case, Plaintiff paid the full civil filing fee of $350.00. Notwithstanding the full payment of the filing fee, however, this court must dismiss the case if it finds that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). At the time Plaintiff filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

The alleged unconstitutional actions about which Plaintiff complains occurred on or around November 10, 1999. On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners. *Ala. Code* § 6-2-8(a) (1975, as amended). The tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing. Consequently, the applicable statute of limitations expired on the claims related to the conduct about which Plaintiff complains on or around November 10, 2001. As previously noted, Plaintiff filed the instant complaint on September 28, 2007. This filing

occurred *after* the applicable periods of limitation had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(A)(b)(1)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no

legal basis on which to proceed with regard to those claims which occurred on or around November 10, 1999 as he filed this cause of action more than two (2) years after the violations which form the basis of those claims accrued.[2]  As previously determined, the statutory tolling provision provides no basis for relief.  In light of the foregoing, the court concludes that Plaintiff's challenges to the actions of Defendant are barred by the applicable statute of limitations.  These claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(A)(b)(1).

---

[2]The court takes judicial notice of its own records which show that Plaintiff filed a 28 U.S.C. § 2254 petition with this court on January 15, 2003. *See Pratt v. State of Alabama*, Civil Action No. 3:03-CV-64-MEF (M.D. Ala.). The undersigned recommended that Plaintiff's habeas petition be dismissed as time-barred under 28 U.S.C. § 2244(d). (*See Id. at Doc. No. 18*.) In his objections to the court's recommendation, Plaintiff argued that his petition should not be barred by the statute of limitations applicable to § 2254 petitions because, he contended in part, that he was entitled to equitable tolling as he lacked access to legal materials necessary to file a post-conviction petition while incarcerated in a Florida prison. (*Id. at Doc. No. 19*.) Plaintiff maintained that he had written to the Circuit Court for Tallapoosa County in November 1999 seeking, among other things, transcripts and information regarding the filing of an appeal or post-conviction relief. (*Id*.) He attached as exhibits to his pleading a response dated November 20, 1999 which he received from the court reporter responsible for transcribing his trial and sentencing transcripts as well as an order from the trial court dated January 30, 2001 denying his November 1, 2000 *pro se* request for appointment of counsel to file an appeal which the trial court noted was filed some 16 months after entry of Plaintiff's sentence which was imposed on July 2, 1999. (*Id. at Doc. No. 19, pgs. 2-3, Exhs. A, B*.) Following issuance of a supplemental Recommendation in response to Plaintiff's objections, the court overruled Plaintiff's objections and adopted the Recommendation of the Magistrate Judge that Plaintiff's habeas petition be dismissed as barred by the applicable statute of limitations. (*Id. at Doc. No. 22*.) In light of Plaintiff's prior proceedings in this court, the undersigned finds that, even allowing the Clerk's Office for the Circuit Clerk of Tallapoosa County, and Defendant in particular, a reasonable time within which to respond to the matters contained in Plaintiff's November 4, 1999 letter, Plaintiff knew of the basis for the instant cause of action for well more than two years before he filed the instant complaint.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint challenging events which occurred on or around November 10, 1999 be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(A)(b)(1) as Plaintiff failed to file the complaint with regard to these allegations within the time prescribed by the applicable period of limitation; and

2. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **October 15, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 3rd day of October 2007.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE