In The United States District Court
For The Middle District Of Alabama
Eastern Division

RECEIVED
2007 OCT 15  A 9: 29
DRA W. HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

James Edwin Pratt, #046161,
            Plaintiff,

            v.

Frank Lucas, Clerk of
Tallapoosa County Court
            Defendants.

            3:07-CV-866-
            WKW (WO)

Recommendation Of The Magistrate Judge,
Objections By Plaintiff

This party objects to the Magistrate Judge's
report as to dismissal as frivolous. The Magistrate
determined that this action was barred by the appli-
cable statute of limitation as to Alabama's rules of
procedure. [But] then cites Franklin v. State of
Oregon, 563 F.Supp. 1310 at 1330, 1332 Id at n.2,
as warranting dismissal.

Argument - The Magistrate uses several case laws from different circuit to relay his decision but, holds this Plaintiff to Alabama Rules this seems to appear as sort of basicly unfair, as to his decisions.

## Taken From Magistrates Report

1.) In Nov. 1999 Pratt requested forms to file a appeal, as of this date no forms have been provided.

2.) Nov. 1, 2000 Pratt requested appointment of counsel the Court denied this pro se request on Jan. 30, 2001.

3.) The Clerks Office nor the Court provided the forms to file a pro se appeal, the Court knew Pratt was trying to file a appeal, timely. Pratt did not waive his right to a appeal. The Court did not rule on Pratts request for forms, as of this date.

4.) The Court should grant the above as to equitable tolling. The starting date of the sentence imposed was July 2, 1999; and Pratt as to counsel was on Jan. 30, 2001. The two (2) years rule of Alabama is in tack. There is no break in the proceedings.

5.) On Jan. 15, 2003 Pratt filed a 28 USC § 2254 seeking relief as to this same matter. (Denied Time Barred) within 1 yr.

6.) On Dec. 19, 2004 Pratt filed a "Motion, Request for Nunc Pro Tunc Order To Correct Certain Errors Made By Circuit Clerk". As of this date the Judge has not ruled on this "Motion" (Attached)

7.) The Court should allow equitable tolling as to this. The proceedings are not final. The Jan. 15, 2003 claim and the Dec. 19, 2004 are both within the Alabama two (2) years rule. The Court has not used the affirmative defense of the Statute of Limitation and so accordingly has abandoned that defense.        B.)

1.) The Supreme Court held in Artuz v Bennett that an application is "properly filed" when its delivery and acceptance are completed in compliance with the applicable laws and rules governing filings. 531 U.S. 4, 8 (2000)

2.) Estes v Chapman 382 F3d 1237 (11th Cir. 2004) petition properly filed despite being filed outside term of court, if it meets formal filing requirements and filed in court with jurisdiction, regardless of whether claims are ultimately meritorious.

4.) <u>Knight v Schofield</u> 292 F3d 709, 711 (11th Cir. 2002) equitable tolling applied because petitioner was not informed of the disposition of his state case.

5.) <u>Nix v Sec'y for the Dept. of Corr.</u> 393 F3d 1235, 1237 (11th Cir 2004) limitation tolled through period when petitioner could have requested rehearing in state court.

6.) <u>Carey v Saffold</u> 536 U.S. 214, 217 (2002) Pending in this context includes the period between a lower state courts decision and the proper filing of an application for review with a higher state court.

## In Summary

This is a pro se Objection to a Magistrates findings, and thus this district court is requested to review in a less stringent requirement, if a claim is made this court is required to request more pleadings in the interest of justice.

There is certainly no argument as to the circuit courts clerk denial of the forms to file a appeal that would have certainly been timely. If the Courts states _No_ this would certain apply also to habeas review, where Pratt un timately, would have been timely without argument. Pratt was denied his substantive rights as to due process and the ends of justice was not served. The 5th, 6th, and 14th amendments.

(C)

_As to time bar_ - Pratt's position is that the sentence was on July 2, 1999 On Nov. 1999, Pratt requested to the Clerks Office a form application to file a appeal. On Nov. 1, 2000 Pratt requested appointment of counsel to pursue a appeal. The Court denied his request on Jan. 30, 2001. The Court did not include a form to file a appeal.

Pratt assumes this would come under equitable tolling as to the State impairment. "Carey" On Jan 15, 2003 Pratt requested Federal assistance by way of Motion Under §2254 (No Help). On Dec. 19, 2004 Pratt filed a Nunc Pro Tunc emotion as of this date no answer. The Circuit Court has piled interference upon interference to deny Pratts rights to due process.

Conclusion - The Courts acceptance of the Nunc Pro Tunc Motion without argument suggest it as timely applied. The State Court impaired his ability to file a appeal and also impaired his ability under this §1983 by not ruling on the pre existing case. The §1983 is required to go forward this Motion Should Be Granted.

X _James Pratt_ 10-11-07

A.C.C. USP2
P.O. Box 1034
Coleman, FL. 33521



legal

Office of the Clerk

U.S. District Court

P.O. Box 711

Montgomery, AL. 36101-07

In The Circuit Court Of Tallapoosa County
At Dadeville, Alabama

State Of Alabama          )    Case No. CC-99-072
     vs                   )
James E. Pratt            )    "Constitutional Rights"

Motion : Request for Nunc Pro Tunc Order
To Correct Certain Errors Made By, "Circuit Clerk"

"When an order is signed "nunc pro tunc" as of a specified date,
it means that a thing is now done which should have been done on the
specified date" 35A CJS Federal Civil Procedure §370 at 556 (1960).
In this case errors committed by the default of the Clerk."

Comes now Pratt with this "Motion" in hopes of the
Courts help in solving a error that affected Pratt substantial
writ rights to a appeal under habeas corpus.

1) On Nov. 4, 1999 (filed date Nov. 10, 1999) a letter of intent to
file a post-conviction was written to this Clerk Frank Lucas.
Exhibit "B"

①

2.) Pratts letter requested forms to file a post-conviction appeal.

3) The Circuit Clerk denied this appeal's request. (No forms was sent). Rule 25 of Appellate Procedure states (a) Filing

(4.) Clerk's Refusal of Documents. The clerk must not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rule or practice. (The Motion was filed). Even a request for appointment of counsel was denied, I can only guess by the clerks lack of presenting the letter to the Judge.

4) Pratt was turned down by this Circuit Court because of "Time-Barred" when in essence the Clerks neglect or interference by not filing the Motion with the Circuit Judge made the time factor to consider the appeal moot as Time Barred. No appeal could be filed. The Clerks was in default. (No forms)



In _Amadeo v Zant_ 486 U.S. 214, 224-27 (1988). The Court noted that the district court correctly formulated the legal rule that "cause" exists for a procedural default when, as a result of interference by officials, the otherwise defaulted claim was reasonably unknown to petitioner's lawyers and petitioner's lawyer made no intentional decision to forego the claim see id.; _Johnson v Champion_ 288 F.3d 1215, 1228 (10th Cir. 2002)(State court clerk's failure to certify copy of order and to timely transmit record constitutes cause to excuse procedural default), _Dorman v. Wainwright_ 798 F2d 1358, 1370 (11th Cir. 1986)(State's failure to provide petitioner with trial transcript within reasonable time constituted external factor beyond petitioner's control and was sufficient cause to excuse default of appeal).

5.) Pratt request of at least forms should have been granted.

6.) The errors by the Circuit Court worked a actual and

③

substantial disadvantage, infecting his Appeal with error of constitutional dimensions. (No habeas corpus, appeals being time barred). (This was beyond Petitioners Control).

7.) Sandvik v U.S., 177 F3d. 1269, 1271 (11th Cir. 1999) (equitable tolling allowed if delay due to extraordinary circumstances beyond petitioner's control that could not be avoided with diligence. (In this case the petitioner was diligent in pursuing rights and the respondent will not be prejudiced by delay. Petitioner lacked constructive forms to file Post Convictions Motions.)

8.) Therefore - The denial of the Circuit Court to file the motion and supply the forms and procedures is in Violations under the Federal Rules of Criminal Proceeding and the Federal Rules of Civil Proceedings.

Conclusion - The Circuit Judge should re instate the habeas corpus and let a new motion be submitted in the Interest

4

of Justice as a grove miscarriage of justice has occurred by
the Clerks mistakes, or Rule on Merits of Previous Motion.

We hope and pray this motion will be accepted and granted
this ___19___ day of December, 2004

X _James Pua_____

U.S.P.

P.O. Box 150160

Atlanta, Ga. 30315

5.)